IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YINKA SHOMIDE and TOKUNBO SHOMIDE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No.15-196-SLR ) |
| SURGERY CENTERS OF DELMARVA, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiffs Yinka Shomide and Tokunbo Shomide ("plaintiffs") proceed pro se and have been granted leave to proceed in forma pauperis. They filed this lawsuit on March 2, 2015 alleging medical negligence. (D.I. 2) The civil cover sheet indicates that the basis of jurisdiction is diversity citizenship of the parties pursuant to 28 U.S.C. § 1332. Although service has not taken place, defendants Surgery Centers of Delmarva, LLC ("Surgery Centers"), Mid Atlantic Spine & Pain Physicians ("Mid Atlantic Spine"), and Dr. Frank Falco ("Dr. Falco") ("defendants") move for dismissal for lack of jurisdiction. (D.I. 7) Plaintiffs oppose the motion and move for entry of default.[1] (D.I. 8)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

---

[1] The motion for entry of default judgment will be denied without prejudice as premature given that no defendants have been served.

monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiffs proceed pro se, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiffs leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

5. A well-pleaded complaint must contain more than mere labels and conclusions. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

6. **Discussion**. Federal courts have an obligation to address issues of subject matter jurisdiction sua sponte. See *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Because no federal questions are asserted, jurisdiction is not appropriate under 28 U.S.C. § 1331. Therefore, the court must discern whether jurisdiction is proper by reason of the diversity of the parties pursuant to 28 U.S.C. § 1332.

7. In a diversity action, a district court has subject matter jurisdiction over state law claims, pursuant to 28 U.S.C. § 1332, if a plaintiff is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000. See *Werwinski*

3

*v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). Complete diversity is required under 28 U.S.C. § 1332. *See Braun v. Gonzales*, 557 F. App'x 176, 179 (3d Cir. 2014) (unpublished) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). This means that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

8. For purposes of diversity of citizenship jurisdiction, a corporation has dual citizenship and is deemed a citizen of two states: its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *Mennen Co. v. Atlantic Mut. Ins. Co.*, 147 F.3d 287 (3d Cir. 1998)). A corporation may have offices and do business in numerous states, perhaps even all of them, but it is not a citizen of every state in which it does business; to the contrary, a corporation has only one principal place of business for purposes of establishing diversity jurisdiction. *See Bruesewitz v. Wyeth, Inc.*, 2006 WL 782437 *2 (E.D. Pa. 2006) (citing *Kelly v. U.S. Steel Corp.*, 284 F.2d 850, 853 (3d Cir. 1960) (a corporation may have "literally dozens of important places of business one of which we must pick out as the principal one because the statute says so."). A proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (unpublished) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). *See also J & R Ice Cream Corp. v. California Smoothie Licensing*, 31 F.3d 1259, 1265 n.3 (3d Cir. 1994) (holding that a complaint stating that defendant had "a" principal place of business in New Jersey left open the possibility that it had "its" principal place of business in Florida,

4

and thus did not properly plead diversity jurisdiction). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 91-92 (2010).

9. The complaint alleges that: (1) plaintiffs are citizens of the State of Delaware; (2) Surgery Centers is a Delaware corporation, with "a" principal place of business in Delaware, and its registered agent in Delaware; and (3) Mid Atlantic Spine is a business entity organized under the laws of the State of Delaware, providing medical treatment at "a" principal place of business in Delaware. (D.I. 2, ¶¶ 2, 7) The complaint does not speak to the citizenship of Dr. Falco or defendants Dr. Niteesh Bharara ("Dr. Bharara") and Dr. Anjuli Desai ("Dr. Desai"), but alleges that the three physicians provided medical treatment in the State of Delaware. In plaintiffs' opposition, they argue that lack of jurisdiction is not an issue because Surgery Centers and Mid Atlantic Spine have offices both in Delaware and Maryland, that the surgery at issue took place in Maryland, and that Drs. Bharara and Desai do not reside in Delaware. Defendants respond that a party cannot be domiciled in two states.

10. The complaint alleges that Surgery Centers is incorporated in Delaware and has a principal place of business in Delaware. Plaintiffs argue that it also conducts business in Maryland. In reviewing the pleadings, the court finds that Surgery Centers is a citizen of Delaware, its place of incorporation. The complaint does not adequately allege the principal places of business for either Surgery Centers or Mid Atlantic Spine. See *J & R Ice Cream Corp. v. California Smoothie Licensing*, 31 F.3d 1259, 1265 n.3 (3d Cir. 1994) (holding that a complaint stating that defendant had "a" principal place of

5

business in New Jersey left open the possibility that it had "its" principal place of business in Florida, and thus did not properly plead diversity jurisdiction). Regardless of whether the Surgery Centers' principal place of business is in Maryland or in Delaware, diversity is destroyed by reason of its dual citizenship and incorporation in Delaware.

11. Because plaintiffs are residents of Delaware and Surgery Centers' dual citizenship includes Delaware, complete diversity is lacking. Accordingly, the court lacks subject matter jurisdiction over this matter.

12. **Conclusion**. For the above reasons, the court will: (1) grant defendants' motion to dismiss; (2) deny plaintiffs' motion for entry of default judgment; and (3) dismiss the complaint for want of jurisdiction. The court finds amendment futile. A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: May 12, 2015